UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PETER LABRECK,

                Plaintiff,                Case No. 14-cv-10298

v                                          Honorable Thomas L. Ludington

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

                Defendants.

_____/

**ORDER OF SUMMARY DISMISSAL**

Plaintiff Peter Labreck, a state inmate currently incarcerated at the Carson City Correctional Facility in Carson City, Michigan, has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. Labreck is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). After careful consideration, the Court summarily dismisses the complaint.

**I**

Labreck is incarcerated at a state correctional facility as a result of his August 30, 2011 convictions for armed robbery in Oakland County Circuit Court. Labreck's complaint alleges that the plea agreement called for him to serve his state sentence concurrently with any federal sentence, and that he serve his sentence in a federal facility. He asserts that his placement in a state facility violates the terms of his plea agreement, and that he is entitled to specific performance of the plea agreement—namely, incarceration in a federal facility. Labreck also demands $100.00 for each day spent in state custody as damages.

**II**

Civil rights complaints filed by a pro se prisoner are subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). Section 1915(e)(2) requires district courts to screen and to dismiss complaints that are frivolous, fail to state a claim upon which relief can be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *McGore v. Wigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997). A complaint if frivolous and subject to sua sponte dismissal under § 1915(e) if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A plaintiff fails to state a claim upon which relief may be granted when, construing the complaint in a light most favorable to the plaintiff and accepting all the factual allegations as true, the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Kline v. Roberts*, 87 F.3d 176, 179 (6th Cir. 1996); *Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir. 1995).

In addition, "a district court may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)).

**III**

To the extent that Labreck seeks monetary damages arising from his criminal conviction or wrongful imprisonment, he cannot recover such damages absent a showing that his criminal conviction has been overturned. To recover monetary damages for an allegedly unconstitutional conviction or imprisonment, a § 1983 plaintiff must prove that the conviction or sentence was

reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by the issuance of a federal writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). If a plaintiff's conviction has not been reversed or otherwise invalidated, then the plaintiff does not have a cognizable § 1983 claim for damages in connection with the proceedings leading to his allegedly wrongful state court conviction. *See Patrick v. Laskaris*, 25 F. Supp. 2d 432, 433 (S.D.N.Y. 1998). Because Labreck does not allege that his conviction has been overturned, expunged, or called into question by a writ of habeas corpus, his allegations relating to his criminal incarceration fail to state a claim for which relief may be granted and must, therefore, be dismissed. *See Adams v. Morris*, 90 F. App'x 856, 858 (6th Cir. 2004); *Dekoven v. Bell*, 140 F. Supp. 2d 748, 756 (E.D. Mich. 2001).

Indeed, the issue of whether the state complied with the terms of the plea agreement is a claim that is resolved as part of an appeal of the conviction or in post-conviction review proceedings. In *Santobello v. New York*, 404 U.S. 257 (1971), the Supreme Court held that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Id.* at 262. The Supreme Court subsequently clarified this language, holding that *Santobello* does not apply to every rescinded government promise. Rather, it applies only to those promises that induce a defendant to plead guilty. *See Mabry v. Johnson*, 467 U.S. 504, 507-08 (1984). Under *Santobello*, the appropriate remedy for the government's breach of a plea agreement is either specific performance of the agreement or an opportunity to withdraw the plea. *See SAntobello*, 404 U.S. at 263; *Mabry*, 467 U.S. at 510 n. 11; *United States v. Bradstreet*, 207 F.3d 76, 80 (1st Cir. 2000); *Peavy v. United States*, 31 F.3d 1341, 1346 (6th Cir. 1994). Accordingly, the issue of whether Labreck's plea agreement was breached is one that must be determined, if at all, as part

of the appellate review process. *See Milstead v. Bedford County Sheriff's Dep't*, 2014 WL 420395 (E.D. Tenn. Feb. 4, 2014).

Furthermore, the Court cannot convert a pro se civil rights complaint to a petition for a writ of habeas corpus. When a suit that should have been brought under the habeas corpus statute is erroneously prosecuted instead as a civil rights suit, it should not be "converted" into a habeas corpus suit and decided on the merits. *Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999). Instead, the matter should be dismissed, leaving it to the prisoner to decide whether to recommence the action for writ of habeas corpus. *Id*. This is true for a number of reasons, not the least of which is that the Court has no information substantiating that Labreck has exhausted his state court remedies as required by 28 U.S.C. §§ 2254(b) and (c) to obtain federal habeas relief. *Parker v. Phillips*, 27 F. App'x 491, 494 (6th Cir. 2001); *Robinson v. California Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998). Moreover, *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), clearly directs a federal district court to dismiss a civil rights complaint that raises claims that attack the validity of a conviction; it does not direct a court to construe the civil rights complaint as a habeas petition. *See Murphy v. Martin*, 343 F. Supp. 2d 603, 610 (E.D. Mich. 2004).

When a prisoner's civil rights claim is barred by the *Heck v. Humphrey* doctrine, the appropriate course for a federal district court is to dismiss the claim for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3), rather than to dismiss the complaint with prejudice as being frivolous, because the former course of action is not an adjudication on the merits and would allow the prisoner to reassert his claims if his conviction or sentence is later invalidated. *See Murphy*, 343 F. Supp. 2d at 609. Therefore, because this Court is dismissing Labreck's § 1983 complaint under *Heck*, the dismissal will be without prejudice. *Diehl v. Nelson*,

198 F.3d 244, 1999 WL 1045076 (6th Cir. Nov. 12, 1999) (citing *Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996)).

**IV**

Accordingly, it is **ORDERED** that Labreck's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: February 20, 2014

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and on Peter Labreck # 799461, Carson City Correctional Facility, 10274 Boyer Road, Carson City, MI 48811 by first class U.S. mail on February 20, 2014.

s/Tracy A. Jacobs  
TRACY A. JACOBS